IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LINDA "LINNER" MISHLER, | No. CV 08-00568-MO |
| Plaintiff, | OPINION & ORDER |
| v. | |
| CARE CENTER (WILLOWBROOK) INC., d/b/a WILLOWBROOK TERRACE, an Oregon corporation, and PRESTIGE CARE INC., a Washington corporation, | |
| Defendants. | |

**Mosman, J.**,

Following her termination of employment, plaintiff Linda Mishler filed suit alleging: (1) discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112; (2) violation of ORS 659A.112, which governs disability discrimination; and (3) intentional interference with economic relations ("IIER"). Defendants Care Center Inc., d/b/a Willowbrook Terrace ("Willowbrook"), and Prestige Care, Inc., filed a Motion to Dismiss (# 12) under Federal

Rule of Civil Procedure 8(a)(2). Defendants argue that claims one and two should be dismissed against Willowbrook because the complaint fails to allege non-conclusory facts showing that termination was based on Ms. Mishler's disability. Defendants further contend that all three claims should be dismissed against Prestige Care because the complaint does not allege sufficient grounds to disregard its separate legal existence from Willowbrook. For the reasons set forth below, I DENY defendants' motion.

## BACKGROUND

Ms. Mishler was employed through Premier Rehab, LLC, d/b/a Infinity Rehab, and worked at defendants' facility named Willowbrook Terrace. She was jointly employed at Willowbrook from June 1, 2006, until her termination on April 26, 2007. During that time, the complaint avers that Ms. Mishler suffered from medical conditions, including depression and attention deficit hyperactivity disorder, which substantially limited her in one or more major life activities. The complaint also alleges that defendants perceived Ms. Mishler as disabled. Specifically, on or about April 24, 2007, there was an incident in the Willowbrook parking lot where Ms. Mishler was unable to care for herself and allegedly resulted in the defendants perceiving her disability. She further alleges that defendants did not seek to accommodate her and terminated her employment based on her medical conditions and/or perceived disability.

Ms. Mishler also contends that Willowbrook was at all times subject to the control of Prestige Care. According to the defendants' corporate disclosure statement, Prestige Care is the parent corporation of Willowbrook.

//

//

PAGE 2 OPINION & ORDER

# DISCUSSION

**I.     Motion to Dismiss Standard**

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Additionally, the court must accept all alleged material facts as true and construe them in the light most favorable to the non-moving party. *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003).

**II.    ADA and ORS 659A.112 Claims Against Willowbrook**

Defendants argue that the ADA and ORS 659A.112 claims should be dismissed because the complaint does not allege any facts showing that Ms. Mishler was terminated as a result of her disability.[1] The ADA prohibits an employer from discriminating "against a qualified individual with a disability because of the disability." 42 U.S.C. § 12112. Ms. Mishler must prove that she: (1) is a qualified individual; (2) has a disability within the meaning of the ADA; and (3) the employer terminated her because of her disability. *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996). Oregon law utilizes the same federal standard for establishing a prima facie case of discrimination. *Henderson v. Jantzen, Inc.*, 719 P.2d 1322, 1323-1324 (Or. Ct. App. 1986); *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001).

---

[1] Defendants also argue that they had no duty to accommodate Ms. Mishler and thus, could not have discriminated against her. Because the complaint is sufficiently pled as to the circumstances related to her termination, this argument is not addressed.

Although the disability discrimination claims do not allege facts supporting Ms. Mishler's assertion that she was terminated because of her disability, I rely on the context of the overall complaint. In support of her third claim for intentional interference with economic relations, Ms. Mishler references the incident in the Willowbrook parking lot on or about April 24, 2007, when she was unable to care for herself. Two days later on April 26, 2007, she was terminated. When reading the complaint as a whole, the factual allegations are sufficient to infer a discriminatory motive by the employer given the temporal proximity of the incident and subsequent termination. Nonetheless, the disability discrimination claims would be clearer if conditioned on factual allegations linking defendants' perception of Ms. Mishler's disability to her termination.

### III.     ADA, ORS 659A.112, and IIER Claims Against Prestige Care

Defendants also move to dismiss all three claims against Prestige Care. Defendants argue that the complaint does not allege sufficient facts to hold Prestige Care liable for the actions of its subsidiary, Willowbrook.

"'Alter ego determinations are highly fact-based, and require considering the totality of the circumstances in which the instrumentality functions.'" *Legacy Wireless Servs., Inc. v. Human Capital, LLC*, 314 F. Supp. 2d 1045, 1058 (D. Or. 2004) (quoting *Bridas S.A.P.I.C. v. Gov. of Turkm.*, 345 F.3d 347, 359 (5th Cir. 2003)). In addition to the pleaded allegations, the court may consider the corporate disclosure statement filed with the court. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

The complaint alleges that Willowbrook was at all times subject to the control of its parent corporation. (Am. Compl. (# 8) ¶ 5.) This "short and plain statement" is sufficient to put Prestige Care on notice that it may be liable under a veil piercing theory. Further, Willowbrook

PAGE 4 OPINION & ORDER

disclosed that it is a wholly-owned subsidiary of Prestige Care, in accordance with Federal Rule of Civil Procedure 7.1. (Defs.' Corp. Discl. Statement (# 6) 1.) At this early stage of the proceedings, before adequate fact finding as to the extent of the alter-ego showing, I decline to dismiss the claims against Prestige Care.

## CONCLUSION

For the reasons discussed above, I DENY the defendants' Motion to Dismiss (# 12).

IT IS SO ORDERED.

DATED this  10th  day of September, 2008.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court